IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> A.V.I. SEA BAR & CHOPHOUSE ) <br> LLC d/b/a A.V.I. SEABAR & ) <br> CHOPHOUSE and CORPORATE ) <br> CATERERS OF WICHITA, ) <br> ) <br> Defendant. ) | Case No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NATURE OF THE ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a *et seq.*, to correct unlawful employment practices based on sex (pregnancy) and to provide appropriate relief to Ms. Macee Hoffman ("Hoffman") who was adversely affected by such practices. As alleged with greater particularity below, the defendant, A.V.I. Sea Bar and Chophouse LLC, doing business as A.V.I. Seabar & Chophouse and Corporate Caterers of Wichita ("Defendant"), terminated Hoffman's employment because of her sex (pregnancy).

JURISDICTION & VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,

1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed by Defendant in the State of Kansas and therefore within the jurisdiction and venue of the United States District Court for the District of Kansas pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

4. Plaintiff U.S. Equal Employment Opportunity Commission ("the Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant has continuously been a limited liability company doing business in the State of Kansas and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C.§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty (30) days prior to the institution of this lawsuit, Hoffman filed a timely charge of discrimination against Defendant with the Kansas

Human Rights Commission ("KHRC") which dually filed the charge with the Commission.

8. Hoffman's charge alleged sex (pregnancy) discrimination in violation of Title VII by Defendant.

9. On February 10, 2021, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII.

10. In the Letter of Determination, the Commission invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination and provide appropriate relief to Hoffman.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On April 19, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

### STATEMENT OF FACTS

15. Defendant owns and operates a restaurant, A.V.I. Seabar & Chophouse.

16. Defendant hired Hoffman as a hostess for the restaurant in or about

December 2018.

17. When Hoffman applied for a job with Defendant, she was pregnant.

18. Hoffman began working for Defendant as a hostess on or about December 18, 2018.

19. Defendant learned of Hoffman's pregnancy when she began working for Defendant or shortly thereafter.

20. As her pregnancy progressed, Hoffman experienced pregnancy-related health issues, including feet swelling and back pain.

21. In early January 2019, Hoffman asked restaurant manager Robert Patton ("Patton") if she could use a stool as needed, given her pregnancy-related swollen feet and back pain.

22. Patton approved Hoffman's request.

23. Hoffman used a stool as needed and still performed all her assigned tasks.

24. In late January 2019, Defendant's co-owner Denise Arnold ("Arnold") visited the restaurant and observed Hoffman's use of the stool.

25. Arnold commented that Hoffman's use of a stool at the hostess stand "did not look good." After Arnold's comment, Defendant no longer permitted Hoffman to use a stool as needed to alleviate her pregnancy-related swollen feet and back pain.

26. On or about February 1, 2019, Hoffman provided Defendant a doctor's note, dated January 31, 2019, which requested that Defendant allow Hoffman "to

have a stool at the hostess stand if possible due to swelling and back pain issues during pregnancy."

27. Upon receiving the doctor's note, Defendant still refused to let Hoffman to use a stool.

28. Defendant immediately terminated Hoffman's employment after receiving her doctor's note.

29. Hoffman satisfactorily performed the duties required by the hostess position.

## STATEMENT OF CLAIM

Title VII – Sex (Pregnancy) Discrimination – Termination

30. The Commission repeats, re-alleges, and incorporates by reference in the allegations in the foregoing paragraphs of the Complaint as if fully set forth herein.

31. Defendant engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. §§ 2000e(k) and 2000e-2(a), by terminating Hoffman's employment because of her sex (pregnancy).

32. The effect of Defendant's unlawful employment practices complained of above has been to deprive Hoffman of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex (pregnancy) in violation of Title VII.

33. Defendant's unlawful employment practices complained of herein were intentional.

34. Defendant's unlawful employment practices complained of herein were done with malice and/or reckless indifference to Hoffman's federally protected rights.

35. As a direct and proximate result of Defendant's violation of Title VII, Hoffman suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests this Court:

A. Issue a preliminary injunction, upon a proper motion, enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in unlawful employment practices which discriminate on the basis of sex (pregnancy) in violation of Title VII, 42 U.S.C. § 2000e(k) *et seq.*, and Title VII, 42 U.S.C. § 2000e-2(a);

B. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Defendant violated Title VII, 42 U.S.C. § 2000e(k) *et seq.*, and Title VII, 42 U.S.C. § 2000e-2(a), when it discriminated against Hoffman because of her sex (pregnancy);

C. Upon final judgment, issue a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in unlawful employment practices which discriminate on the basis of sex (pregnancy) in violation of

Title VII, 42 U.S.C. § 2000e-2(a);

D. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant individuals and which eradicate the effects of its past and present unlawful employment practices;

E. Order Defendant to make Hoffman whole by providing appropriate back pay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

F. Order Defendant to make Hoffman whole by providing compensation for past, present, and future pecuniary losses resulting from the unlawful practices described above;

G. Order Defendant to make Hoffman whole by providing compensation for nonpecuniary losses resulting from the unlawful employment practices described above, including embarrassment, dignitary harm, inconvenience, hardship, emotional pain and suffering, anxiety, stress, loss of enjoyment of life, and humiliation;

H. Order Defendant to compensate Hoffman in appropriate amounts as front pay;

I. Order Defendant to pay Hoffman punitive damages for its acts described above;

J. Grant such further relief as the Court deems necessary and proper in the

public interest; and

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

## PLACE OF TRIAL

The Commission requests Kansas City, Kansas as the place of trial.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

LISA MORELLI
Acting Associate General Counsel

ANDREA G. BARAN
Regional Attorney

s/ Meredith S. Berwick
MEREDITH S. BERWICK
Trial Attorney
MO Bar No. 64389

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1222 Spruce Street, Room 8.100
St. Louis, MO 63103
Telephone (314) 798-1909
Fax (314) 539-7895
andrea.baran@eeoc.gov
meredith.berwick@eeoc.gov

ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION