HINKLE LAW FIRM LLC
1617 North Waterfront Parkway, Suite 400
Wichita, Kansas 67206
Telephone: (316) 267-2000
Facsimile: (316) 630-8466

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>A.V.I. SEA BAR & CHOPHOUSE LLC d/b/a A.V.I. SEA BAR & CHOPHOUSE and CORPORATE CATERERS OF WICHITA,<br><br>Defendant. | Case No. 21-cv-2428-SAC-GEB |

**ANSWER**

COMES NOW, Defendant A.V.I. Sea Bar & Chophouse LLC d/b/a A.V.I. Sea Bar & Chophouse and Corporate Caterers of Wichita ("A.V.I." or "Defendant"), by and through its counsel of record, Eric W. Barth of Hinkle Law Firm LLC, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, alleges and states as follows:

1. With respect to the allegations contained in numerical paragraph 1 of Plaintiff's Complaint, Defendant denies same.

2. With respect to the allegations contained in numerical paragraph 2 of Plaintiff's Complaint, Defendant admits same.

3. With respect to the allegations contained in numerical paragraph 3 of Plaintiff's Complaint, Defendant admits that jurisdiction and venue are proper in this Court but denies that it committed any unlawful employment practices.

4. With respect to the allegations contained in numerical paragraph 4 of Plaintiff's Complaint, Defendant admits same.

5. With respect to the allegations contained in numerical paragraph 5 of Plaintiff's Complaint, Defendant admits same.

6. With respect to the allegations contained in numerical paragraph 6 of Plaintiff's Complaint, Defendant admits same.

7. Defendant is without sufficient information or belief to admit or deny the allegations contained in numerical paragraph 7 of Plaintiff's Complaint, and, therefore denies same.

8. With respect to the allegations contained in numerical paragraph 8 of Plaintiff's Complaint, Defendant admits same.

9. With respect to the allegations contained in numerical paragraph 9 of Plaintiff's Complaint, Defendant admits same, however, Defendant continues to deny it committed any unlawful employment practices.

10. With respect to the allegations contained in numerical paragraph 10 of Plaintiff's Complaint, Defendant states that the Letter of Determination speaks for itself and is the best evidence of the content thereof.  To the extent Plaintiff's allegations contained in numerical paragraph 10 vary from the language of the Letter of Determination, they are denied.

11. With respect to the allegations contained in numerical paragraph 11 of Plaintiff's Complaint, Defendant admits that it received the Letter of Determination from Plaintiff, but denies that it committed any discriminatory practices or that Hoffman is entitled to any relief.

12. Defendant is without sufficient information or belief to admit or deny the allegations contained in numerical paragraph 12 of Plaintiff's Complaint, and, therefore denies same.

13. With respect to the allegations contained in numerical paragraph 13 of Plaintiff's Complaint, Defendant admits same.

14. Defendant is without sufficient information or belief to admit or deny the allegations contained in numerical paragraph 14 of Plaintiff's Complaint, and, therefore denies same.

15. With respect to the allegations contained in numerical paragraph 15 of Plaintiff's Complaint, Defendant admits same.

16. With respect to the allegations contained in numerical paragraph 16 of Plaintiff's Complaint, Defendant admits same.

17. Defendant is without sufficient information or belief to admit or deny the allegations contained in numerical paragraph 17 of Plaintiff's Complaint, and, therefore denies same.

18. With respect to the allegations contained in numerical paragraph 18 of Plaintiff's Complaint, Defendant admits same.

19. With respect to the allegations contained in numerical paragraph 19 of Plaintiff's Complaint, Defendant admits that it learned of Hoffman's pregnancy at some point during her employment.

20. Defendant is without sufficient information or belief to admit or deny the allegations contained in numerical paragraph 20 of Plaintiff's Complaint, and, therefore denies same.

21. With respect to the allegations contained in numerical paragraph 21 of Plaintiff's Complaint, Defendant admits same.

22. With respect to the allegations contained in numerical paragraph 22 of Plaintiff's Complaint, Defendant admits same.

23. With respect to the allegations contained in numerical paragraph 23 of Plaintiff's Complaint, Defendant denies same.

24. With respect to the allegations contained in numerical paragraph 24 of Plaintiff's Complaint, Defendant denies same.

25. With respect to the allegations contained in numerical paragraph 25 of Plaintiff's Complaint, Defendant denies same.

26. With respect to the allegations contained in numerical paragraph 26 of Plaintiff's Complaint, Defendant admits same.

27. With respect to the allegations contained in numerical paragraph 27 of Plaintiff's Complaint, Defendant denies same.

28. With respect to the allegations contained in numerical paragraph 28 of Plaintiff's Complaint, Defendant denies same.

29. With respect to the allegations contained in numerical paragraph 29 of Plaintiff's Complaint, Defendant denies same.

30. Defendant adopts and incorporates by reference its responses to numerical paragraphs 1 through 29 of Plaintiff's Complaint, as if fully set forth herein.

31. With respect to the allegations contained in numerical paragraph 31 of Plaintiff's Complaint, Defendant denies same.

32. With respect to the allegations contained in numerical paragraph 32 of Plaintiff's Complaint, Defendant denies same.

33. With respect to the allegations contained in numerical paragraph 33 of Plaintiff's Complaint, Defendant denies same.

34. With respect to the allegations contained in numerical paragraph 34 of Plaintiff's Complaint, Defendant denies same.

35. With respect to the allegations contained in numerical paragraph 35 of Plaintiff's Complaint, Defendant denies same.

36. Unless specifically admitted herein, each and every allegation contained in Plaintiff's Complaint is specifically denied.

## AFFIRMATIVE DEFENSES

37. Plaintiff has failed to state a claim upon which relief can be granted.

38. Hoffman has failed to mitigate her alleged damages, if any.

WHEREFORE, having answered Plaintiff's Complaint, Defendant A.V.I. Sea Bar & Chophouse LLC d/b/a A.V.I. Sea Bar & Chophouse and Corporate Caterers of Wichita requests that the Court deny Plaintiff the relief requested; that Plaintiff go hence with its costs; and that Defendant have such other and further relief as the Court deems just and equitable under the premises, including, but not limited to, such reasonable attorneys' fees as are permitted by law.

## JURY TRIAL DEMAND

Defendant A.V.I. Sea Bar & Chophouse LLC d/b/a A.V.I. Sea Bar & Chophouse and Corporate Caterers of Wichita hereby demands a trial by jury as provided by Fed.R.Civ.P. 38(a).

## DESIGNATION OF PLACE OF TRIAL

Pursuant to D. Kan. Rule 40.2, Defendant A.V.I. Sea Bar & Chophouse LLC d/b/a A.V.I. Sea Bar & Chophouse and Corporate Caterers of Wichita designates Wichita, Kansas, as the place of trial.

Respectfully Submitted,

HINKLE LAW FIRM LLC

By: s/ Eric W. Barth
    Eric W. Barth, SC No. 21193
    1617 North Waterfront Parkway, Suite 400
    Wichita, Kansas 67206
    Telephone: (316) 267-2000
    Facsimile:  (316) 630-8466
    Email:  ebarth@hinklaw.com
    *Attorneys for Defendant,*
    *A.V.I. Sea Bar & Chophouse LLC d/b/a*
    *A.V.I. Sea Bar & Chophouse and*
    *Corporate Caterers of Wichita*

## CERTIFICATE OF SERVICE

I do hereby certify that on December 3, 2021, the above and foregoing **Answer** was filed via the CM/ECF system, which will send a copy to:

    Andrea G. Baran
    Meredith Berwick
    Equal Employment Opportunity Commission - STL
    Robert A. Young Federal Bldg.
    1222 Spruce Street, Room 8.100
    St. Louis, MO 63103
    Email:  andrea.baran@eeoc.gov
    Email: meredith.berwick@eeoc.gov
        *Attorneys for Plaintiff*

*s/* Eric W. Barth
Eric W. Barth