**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>A.V.I. SEA BAR & CHOPHOUSE LLC d/b/a A.V.I. SEA BAR & CHOPHOUSE and CORPORATE CATERERS OF WICHITA,<br><br>    Defendant. | Case No. 2:21-cv-2428-HLT-GEB |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION**
**FOR PARTIAL SUMMARY JUDGMENT**

**I.   INTRODUCTION AND SUMMARY OF THE ARGUMENT**

The EEOC brings this pregnancy discrimination claim against Defendant A.V.I. Sea Bar & Chophouse LLC d/b/a A.V.I. Sea Bar & Chophouse and Corporate Caterers of Wichita ("A.V.I."), alleging it terminated Macee Hoffman's employment as a hostess at A.V.I.'s Wichita steakhouse because she was pregnant, thereby violating Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C § 2000e *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a *et seq*. One form of relief the EEOC seeks in this case is backpay damages for Hoffman. Doc No. 52, Pretrial Order, at § 5 (Damages and Non-Monetary Relief Requested). A.V.I. raises the affirmative defense that Hoffman failed to mitigate her damages. *Id.* at § 4.b.iv (Defendant's Defenses). However, since A.V.I. cannot prove that after Hoffman's employment at A.V.I. there were suitable positions available which Hoffman could have discovered and for which she was qualified, Plaintiff is entitled to judgment as a matter of law on this defense.

1

## II. BACKGROUND

A.V.I. consists of a restaurant and a catering service. Macee Hoffman was hired as a hostess at A.V.I. Sea Bar & Chophouse restaurant and started work on December 18, 2018. When she started her employment, she was five months pregnant. A.V.I. managers learned of Hoffman's pregnancy soon after she began work. As her pregnancy progressed, she had pregnancy-related health issues, including feet swelling and back pain which occurred when she had to stand in place at the hostess stand for an extended period. In January 2019, Hoffman asked the restaurant's general manager, Robert Patton, if she could sit on a stool at the hostess stand as needed to relieve her swollen feet and back pain. Patton approved her request. Hoffman performed her job functions and used the stool as needed in between assisting guests and performing her other duties. She stood when customers approached, and she had no problems walking to seat guests or delivering hotel guests' orders. Only the constant standing at the hostess station created pain. *See* Doc No. 52, Pretrial Order, at § 3.a (Plaintiff's Factual Contentions).

After A.V.I.'s co-owner visited the restaurant and made a negative comment about Hoffman's use of the stool at the hostess stand, the stool was taken away, and A.V.I. managers asked Hoffman to provide a doctor's note regarding her need for the stool. Hoffman obtained a note from her doctor dated January 31, 2019, which stated Hoffman "is currently under my medical care for pregnancy with an EDC of 04-22-19. Please allow pt. to have a stool at the hostess stand if possible due to swelling and back pain issues during pregnancy. If you require additional information, please contact our office." Hoffman provided A.V.I. the note from her physician on February 1, 2019. A.V.I.'s managers informed Hoffman that they could not accommodate the doctor's note and terminated Hoffman's employment at that time. *See id.*

## III. PLAINTIFF EEOC'S STATEMENT OF UNDISPUTED FACTS (PSOF)

1. Hoffman worked for A.V.I as a hostess from December 18, 2018, through February 1, 2019. Doc No. 52, Pretrial Order (Ex. 1), at § 2.a.ii (stipulated to by the parties).

2. Hoffman was pregnant when she worked for A.V.I. Ex. 1 at § 2.a.iii (stipulated to by the parties).

3. Hoffman looked for and obtained employment after the termination of her employment with A.V.I. Deposition of Macee Hoffman (Ex. 2) at 35:18–36:24, 79:10–87:9; Plaintiff's Responses to Defendant's Second Requests for Production (Ex. 3), responses to Nos. 1–3; W-2s of Macee Hoffman (Ex. 4).

4. Plaintiff is claiming backpay damages for Hoffman from February 2, 2019, through August 2020. Ex. 1 at § 5.1.

5. Defendant asserts as an affirmative defense that Hoffman failed to mitigate her damages. Ex. 1 at § 4.b.iv.

6. A.V.I. has no evidence of suitable, available jobs which Hoffman failed to seek and for which she was qualified. Ex. 1 at § 3.b (Defendant's Factual Contentions); Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories to Defendant (Ex. 5), at No. 4.

## IV. PARTIAL SUMMARY JUDGMENT LEGAL STANDARD

"Rule 56 provides for summary judgment on particular issues or claims." *O'Toole v. Northrop Grumman Corp.,* 305 F.3d 1222, 1227 (10th Cir. 2002). Partial summary judgment empowers the court to withdraw sham issues from the case and to specify those facts that really cannot be controverted." Wright, Miller & Kane, *10B Federal Practice and Procedure, Civil 2d: § 2737*, p. 318 (1998). "A partial summary (judgment). . . seems particularly appropriate" to test

affirmative defenses. *Id.*, p. 321; *see also Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir.1997) (internal quotations omitted) ("A [party] may use a motion for summary judgment to test an affirmative defense which entitles that party to judgment as a matter of law."). Partial summary adjudication helps with narrowing the issues for trial and sorting out contentions that are legitimate from those that are not. *City of Wichita, Kan. v. U.S. Gypsum Co.*, 828 F. Supp. 851, 869 (D. Kan. 1993), *aff'd part, rev'd part* 72 F.3d 1491. In *Public Serv. Co. v. Continental Casualty Co.*, 26 F.3d 1508, 1517 n. 8 (10th Cir. 1994), the Tenth Circuit observed that "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

## V. THE EEOC IS ENTITLED TO SUMMARY JUDGMENT ON DEFENDANT'S FAILURE TO MITIGATE AFFIRMATIVE DEFENSE.

The EEOC acknowledges that wrongfully discharged employees must make reasonable efforts to mitigate in order to receive back pay and lost benefits. *See EEOC v. Sandia Corp.*, 639 F.2d 600, 627 (10th Cir. 1980). The EEOC, through the testimony of Hoffman and discovery responses, has satisfied this burden of proof. (PSOF #3).

It is, however, the defendant's burden to show that the discharged employee failed to mitigate her damages. *See Spulak v. K Mart Corp.*, 894 F.2d 1150, 1158 (10th Cir. 1990); *see also Sandia Corp.*, 639 F.2d at 627. "The defendant has the burden to prove that the plaintiff did not exercise reasonable diligence in mitigating its damages [and] [t]he aggrieved party need only take reasonable steps under the circumstances of the particular case to mitigate its damages[.]" *Eastman Kodak Co. v. Westway Motor Freight, Inc.*, 949 F.2d 317, 320 (10th Cir. 1991) (internal citations omitted); *see also Spulak*, 894 F.2d at 1158 (wherein the court instructed that a

"claimant need only make a reasonable and good faith effort, and is not held to the highest standards of diligence… The burden is on the employer to establish that the claimant did not exercise reasonable diligence[.]").

Defendant's burden involves more than merely criticizing the claimant's decisions; it requires the affirmative production of evidence to show that additional reasonable efforts would have created a different result. To satisfy this burden, the employer

> must establish (1) that the damage suffered by plaintiff could have been avoided, i.e., that there were suitable positions available which plaintiff could have discovered and for which [she] was qualified; and (2) that plaintiff failed to use reasonable care and diligence in seeking such a position.

*Sandia Corp.*, 639 F.2d at 627 (quoting *Sias v. City Demonstration Agency*, 588 F.2d 692, 696 (9th Cir. 1978)).

Regarding the first prong, the Tenth Circuit requires employers prove not only the existence of suitable positions but also the availability of those positions. *See EEOC v. Beverage Distributors Co.*, LLC, No. 11-CV-02557-CMA-CBS, 2013 WL 6458735, at n.5 (D. Colo. Dec. 9, 2013), *aff'd in part, rev'd in part sub nom.*, 780 F.3d 1018 (10th Cir. 2015) (collecting cases). The failure to prove that other suitable jobs were available precludes a failure to mitigate defense. The Tenth Circuit has specifically explained:

> [T]he trial court's refusal to instruct the jury on mitigation does not amount to an abuse of discretion because the evidence was inadequate to support a mitigation instruction. Mr. Wilson's general failure to seek employment for eighteen months before trial does not alone suffice to justify a mitigation instruction; *the defendant must also show that appropriate jobs were available*.

*Wilson v. Union Pacific Railroad Co.*, 56 F.3d 1226, 1232 (10th Cir.1995) (emphasis added).

Here, Hoffman sought and obtained employment after her termination from A.V.I. (PSOF #3). And A.V.I. has not identified any available positions for which Hoffman was qualified and that she could have discovered after her termination. (PSOF #5). In factual

5

contentions submitted for the Court's Pretrial Order (Doc No. 52), which "supersedes all pleadings and controls the subsequent course of this case[,]"[1] A.V.I. proffers no evidence of available positions Hoffman could have discovered, and for which she was qualified, during the relevant backpay period. *See* Ex. 1 at § 3.b (Defendant's Factual Contentions). Indeed, A.V.I did not assert any facts in the Pretrial Order that relate at all to Hoffman's employment after A.V.I. or her alleged failure to mitigate backpay damages. *Id.*

Further, in response to an interrogatory requesting the factual basis for its affirmative defenses, A.V.I. merely repeats its failure to mitigate defense with no supporting facts, stating, "Defendant contends that Plaintiff has failed to mitigate her damages, if any, and will supplement this response with additional information obtained in the course of discovery." Ex. 5 at No. 4. A.V.I. never supplemented, and no other evidence came to light during discovery.

Without facts or documents showing there were suitable positions available which Hoffman could have discovered and for which she was qualified, A.V.I. cannot prove the first element of the failure to mitigate defense. This is sufficient to grant summary judgment in Plaintiff's favor on this issue. *See EEOC v. Kanbar Property Management, L.L.C.*, No. 12–CV–00422–JED–TLW, 2013 WL 4512671, at *5 (N.D. Okla. Aug. 23, 2013) ("Kanbar has produced no evidence whatever showing that there were suitable positions available which she could have sought and for which she was qualified. … Because Kanbar has not done so, the EEOC is entitled to summary judgment with respect to Kanbar's failure to mitigate affirmative defense"); *see also Fields v. Integris Health, Inc.*, Case No. CIV-17-730-D, 2019 WL 1433768, at *7 (W.D. Okla. March 29, 2019) ("Defendant has failed to demonstrate the existence of a genuine dispute of material fact regarding an essential element of its affirmative defense. Therefore, Plaintiff is

---

[1] Ex. 1 at p. 1.

entitled to summary judgment in her favor on the defense of failure to mitigate damages."). There is no need to reach the second element of the defense—whether Hoffman used reasonable care and diligence in seeking such position—because no "such position" has been identified by Defendant. Finally, A.V.I. may claim it will develop this evidence through testimony at trial, but "speculative arguments about what evidence it might discover should it engage further factual development in this subject area are insufficient to avoid summary judgment." *Fields,* 2019 WL 1433768, at *7.

## VI.   CONCLUSION

On the undisputed facts, A.V.I. cannot demonstrate an essential element of its failure to mitigate defense—that there were suitable positions available which Hoffman could have discovered and for which she was qualified. Plaintiff's motion for partial summary judgment, therefore, should be granted and the mitigation defense not presented to the jury.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION


*/s/ Meredith S. Berwick*
Meredith S. Berwick, MO Bar No. 64389
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, Missouri 63103
Phone: (314) 798-1909
Fax: (314) 539-7895
meredith.berwick@eeoc.gov

Luke Hertenstein, KS Bar No. 23809
Kansas City Area Office
400 State Ave., Ste. 905
Kansas City, KS 66101
Phone: (913) 359-1812

7

luke.hertenstein@eeoc.gov
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 10, 2022, a copy of the foregoing was filed and served on all counsel of record via the Court's CM/ECF system.

*/s/ Meredith S. Berwick*
Meredith S. Berwick