IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>A.V.I. SEA BAR & CHOPHOUSE LLC d/b/a A.V.I. SEA BAR & CHOPHOUSE and CORPORATE CATERERS OF WICHITA,<br><br>　　　　　　Defendant. | Case No. 21-cv-2428-SAC-GEB |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW, Defendant A.V.I. Sea Bar & Chophouse, LLC d/b/a A.V.I. Sea Bar & Chophouse and Corporate Caterers of Wichita ("A.V.I."), by and through its counsel of record, Eric W. Barth of Hinkle Law Firm LLC, and submits its Response in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. 53).

**I.　INTRODUCTION**

This is an employment discrimination action brought by Plaintiff United States Equal Employment Opportunity Commission ("EEOC") alleging A.V.I. terminated Macee Hoffman's employment because she was pregnant, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a *et seq.* For background purposes only, A.V.I. incorporates its factual contentions contained in the Pretrial Order. *See* Doc. 52, p. 4-6. A.V.I. disputes the factual allegations contained in the EEOC's "Background" section of Plaintiff's Memorandum in Support of Motion for Partial

Summary Judgment (Doc. 54, p. 2), but will only respond to Plaintiff's Statement of Undisputed Facts below as required by Fed.R.Civ.P. 56 and D. Kan. Rule 56.1(b).

## II. A.V.I.'S RESPONSE TO PLAINTIFF EEOC'S STATEMENT OF UNDISPUTED FACTS

1. Uncontroverted.

2. Uncontroverted.

3. Uncontroverted.

4. Uncontroverted.

5. Uncontroverted.

6. Controverted. Macee Hoffman ("Hoffman") claims that she was given reasons other than her pregnancy as to why subsequent employers would not hire her after her employment with A.V.I. ended. *See* Hoffman Deposition, attached hereto as Exhibit A, at p. 95:3-14; *See* Hoffman Deposition Exhibit 9, Hoffman's Response to Kansas Human Rights Commission ("KHRC") Pain and Humiliation Questionnaire dated May 26, 2020, attached hereto as Exhibit B, at p. 6, ¶ 29.

## III. A.V.I.'S STATEMENT OF ADDITIONAL MATERIAL FACTS

1. To find new employment after her employment with A.V.I. ended, Hoffman made a Facebook post stating that she was looking for work. *See* Exhibit A at p. 79:10-17.

2. Hoffman found subsequent employment about a month after her employment with A.V.I. ended after someone commented on Hoffman's Facebook post indicating that she was looking for work. *See* Exhibit A at p. 80:5-9.

3. Hoffman made the following response to a question contained in a KHRC Pain and Humiliation Questionnaire:

> "29.  Did you suffer any inconvenience as a result of this incident, such as difficulty in finding another job (other housing) etc.?
>
> Yes.  People would give other reasons other than my pregnancy as to why they couldn't hire me."

*See* Exhibit A at p. 95:3-14; Exhibit B at p. 6, ¶ 29.

## IV.   ARGUMENTS AND AUTHORITIES

### A.   Summary Judgment Standard

Summary judgment should only be granted where, taking the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *See R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1142 (10th Cir. 2009).  A dispute is "genuine" if the issue could be resolved in favor of either party. *Lehman Bros. Holdings, Inc. v. Universal Am. Mortg. Co., LLC*, 12 F. Supp. 3d 1355, 1358 (D. Colo. 2014), *aff'd*, 660 F. App'x 554 (10th Cir. 2016).  A fact is "material" if it might reasonably affect the outcome of the case. *Id.*

### B.   A.V.I. Should be Relieved of its Burden to Show Evidence of Suitable Positions for Which Hoffman Could Have Applied Since Hoffman Made No Reasonable Efforts to Obtain Suitable Employment

Plaintiff seeks summary judgment on A.V.I's failure to mitigate damages affirmative defense.  Mitigation of damages, however, is a fact-intensive issue and summary judgment is rarely appropriate. *See e.g. Carrasco v. Centura Health Corp.,* No. 19-CV-00357-LTB-KMT, 2021 WL 4913983, at *5 (D. Colo. June 18, 2021).  Hoffman had a duty to mitigate her damages by seeking comparable employment after her employment with A.V.I. ended.

Normally, a defendant must show that there were suitable positions available which the plaintiff could have discovered and for which she was qualified, however, "[c]ourts have relieved employers from the burden of proving the availability of suitable positions when the

3

employer demonstrates the employee has made no reasonable efforts to obtain suitable employment." *Zisumbo v. Convergys Corp.*, No. 1:14-CV-00134, 2020 WL 3546794, at *10 (D. Utah June 30, 2020). Here, Hoffman testified that her efforts to obtain suitable employment simply consisted of making a Facebook post stating that she was looking for work. Hoffman did not assert that she made any other efforts.

Since Hoffman testified that she made a Facebook post and did not state that she searched for job advertisements, submitted applications, or attempted to interview for jobs in the restaurant industry (or otherwise), she made little effort to seek employment. As such, A.V.I. should be relieved of its burden to show evidence of suitable positions for which Hoffman could have applied. *See Hale v. Emporia State Univ.*, No. 16-4182-DDC-TJJ, 2020 WL 5038785, at *7 (D. Kan. Aug. 26, 2020), *reconsideration denied*, No. 16-4182-DDC, 2020 WL 7770929 (D. Kan. Dec. 30, 2020), *aff'd*, No. 21-3007, 2022 WL 364085 (10th Cir. Feb. 8, 2022) (citing *Logan v. Pena*, No. 91-2389-JWL, 1993 WL 62316, at *3 (D. Kan. Feb. 9, 1993) ("When a discriminatee makes little or no effort to obtain any type of employment, the court does not need to consider in the abstract whether or not a suitable position for which the plaintiff is qualified might have been offered to the discriminatee if he or she had made the necessary effort to find it." (citations omitted)); *see also Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 16 (1st Cir. 1999) ("Other courts of appeals ... uniformly have relieved the defendant-employer of the burden to prove the availability of substantially equivalent jobs in the relevant geographic area once it has been shown that the former employee made no effort to secure suitable employment.")).

Since Hoffman made little effort to secure suitable employment prior to the time a prospective employer commented on her Facebook post, the jury should have the opportunity to determine whether Hoffman failed to mitigate her claimed damages. *See Smithwick v. BNSF Ry.*

*Co.*, No. CIV-18-160-G, 2021 WL 1972209, at *2 (W.D. Okla. May 17, 2021) (citing *Wieczorek v. Southern Pacific Transp. Co.*, 1998 WL 314365, at *2 (10th Cir. June 4, 1998) (unpublished opinion) (quoting *Wilson v. Union Pac. R.R.*, 56 F.3d 1226, 1232 (10th Cir. 1995)) ("An unemployed plaintiff who is able to look for work does not satisfy his duty to mitigate by waiting passively for employment to be offered. The opportunity to mitigate is not merely the opportunity to accept a job, but the opportunity to seek appropriate work when one is able to do so. If that opportunity is shown to have existed, the issue of mitigation should not normally be prevented from reaching a properly instructed jury."). Plaintiff's motion should be denied as A.V.I. does not need to show that there were suitable positions available which Hoffman could have discovered and for which she was qualified.

### C. Hoffman Claims There Were Available, Suitable Positions for Which She Was Not Hired

Should the Court determine that A.V.I. is not relieved of its burden to show that suitable positions were available which Hoffman could have discovered, there is evidence in the record from Hoffman herself claiming there were available, suitable positions for which she was not hired. As a part of the underlying administrative proceeding before the KHRC, Hoffman was asked whether she suffered any inconvenience as a result of this incident (the claimed discrimination at the hands of A.V.I.) such as difficulty in finding another job. *See* Exhibit B at p. 6, ¶ 29. In response, Hoffman indicated, "Yes. People would give other reasons other than my pregnancy as to why they couldn't hire me." *Id.* According to Hoffman, then, there were suitable positions which she had discovered and for which she believed she was qualified. Hoffman believes that she was not hired by potential employers because of her pregnancy,

however. Whether or not that is actually the case is irrelevant, but instead, it establishes the first prong of A.V.I.'s failure to mitigate defense.

Hoffman's submission to the KHRC seemingly contradicts her deposition testimony that all she did to find subsequent employment was to make a Facebook post, since she claimed to the KHRC that other employers would not hire her because of her pregnancy. At a minimum, however, this creates a genuine issue of material fact concerning whether there were suitable positions available which Hoffman could have discovered and for which she was qualified as well as whether her efforts to mitigate her damages were reasonable. On this basis, summary judgment on A.V.I.'s affirmative defense should be denied.

**IV.   Conclusion**

For the reasons set forth above, Plaintiff's Motion for Partial Summary Judgment should be denied.

Respectfully submitted,

HINKLE LAW FIRM LLC
1617 North Waterfront Parkway, Suite 400
Wichita, Kansas 67206
Telephone:     316-267-2000
Facsimile:     316-630-8466
E-mail:        ebarth@hinklaw.com

By /s/ Eric W. Barth
Eric W. Barth, SC No. 21193
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that on December 1, 2022, the above and foregoing Defendant's Response In Opposition To Plaintiff's Motion For Partial Summary Judgment was filed via the CM/ECF system, which will send a copy to:

> Meredith Berwick
> Equal Employment Opportunity Commission - STL
> Robert A. Young Federal Bldg.
> 1222 Spruce Street, Room 8.100
> St. Louis, MO 63103
> Email: meredith.berwick@eeoc.gov
> *Attorneys for Plaintiff*

/s/ Eric W. Barth
Eric W. Barth