## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

     Plaintiff,

v.

A.V.I. SEA BAR & CHOPHOUSE LLC d/b/a
A.V.I. SEA BAR & CHOPHOUSE and
CORPORATE CATERERS OF WICHITA,

     Defendant.

Case No. 2:21-cv-2428-HLT-GEB

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION
## FOR PARTIAL SUMMARY JUDGMENT

To succeed on a failure to mitigate defense, A.V.I. must prove two elements required by the Tenth Circuit – (1) there were suitable positions available Macee Hoffman could have discovered and for which she was qualified, and (2) Hoffman failed to use reasonable care and diligence to obtain such employment. A.V.I. cannot establish the first element because it cannot identify any available positions for which Hoffman was qualified, that she should have discovered, and that she failed to apply for during the backpay period. A.V.I.'s reliance on decisions from other circuits is inapposite, but even under those standards, it is unable to meet its burden of proof. Because A.V.I. is unable to meet its factual burden, the EEOC's motion for partial summary judgment should be granted.

## I.  PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF ADDITIONAL MATERIAL FACTS

1.  Uncontroverted that Hoffman made a Facebook post stating she was looking for work. Plaintiff objects to the remainder of this statement, specifically the implication that Hoffman made no other effort to find alternative employment after her

termination from A.V.I. It is uncontroverted that Hoffman took multiple steps to find new employment, and those steps actually resulted in her finding several new jobs through the backpay period. See Plaintiff's Statement of Undisputed Fact (PSOF) Nos. 3 and 4 (admitted by Defendant to be uncontroverted).

2. Uncontroverted.

3. Uncontroverted.

## II.   ARGUMENT

### A.   Tenth Circuit precedent requires that A.V.I. prove both elements of the failure to mitigate defense.

It is undisputed that the Tenth Circuit requires a defendant to prove two elements to establish a failure to mitigate defense:

> (1) that the damages suffered by plaintiff could have been avoided, i.e., that there were suitable positions available which plaintiff could have discovered and for which [she] was qualified; and (2) that plaintiff failed to use reasonable care and diligence in seeking such a position.

*EEOC v. Sandia Corp.*, 639 F.2d 600, 627 (10th Cir. 1980). Nonetheless, A.V.I. argues it does not need to prove the first element – specifically, that suitable positions were available which Hoffman could have discovered and for which she was qualified – because, according to A.V.I., "Hoffman made little effort to secure suitable employment prior to the time a prospective employer commented on her Facebook post." Defendant's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc No. 55), at 4. But no Tenth Circuit authority supports A.V.I.'s position. In fact, one of the cases A.V.I. relies upon is *Carrasco v. Centura Health Corp.*, a district court decision that noted the Tenth Circuit's two-prong requirement. No. 19-cv-00357-LTB-KMIT, 2021 WL 4913983, at *3 (D. Colo. June 18, 2021) ("I see no indication that from the Tenth Circuit that it is inclined to… depart from its clear holding in

*Aguinaga* that a defendant must establish **both** prongs of the two-part test.") (emphasis in original).

In *Aguinaga v. United Food and Commercial Workers Int'l Union*, the Tenth Circuit found plaintiffs' mitigation efforts irrelevant because the defendant-employer failed to establish that suitable positions were available:

> The Union failed its burden of establishing the first prong--i.e., that suitable positions were available for any of the Plaintiffs. Because it failed this prong of its burden, the Union has failed its burden of proof and evidence that supports the second prong of the test--i.e., the individual mitigation efforts of Plaintiffs--are simply irrelevant.

993 F.2d 1463, 1474 (10th Cir. 1993). Similarly, in *Wilson v. Union Pac. R.R. Co.*, it was undisputed that the plaintiff failed to seek reemployment, and the Tenth Circuit still found that "the defendant must also show that appropriate jobs were available." 56 F.3d 1226, 1232 (10th Cir. 1995). *See also Goodman v. Fort Howard Corp.*, No. 93-7067, 1994 U.S. App. LEXIS 17505, at *12 (10th Cir. July 18, 1994) ("Defendant failed to produce any evidence indicating that there existed suitable positions which Plaintiff could have discovered and for which he was qualified. … Given this failure of proof, Plaintiff's status as a full-time student is irrelevant."); *Nicholas v. Windstream*, No. 2:17-cv-00361-KRS-GJF, 2018 U.S. Dist. LEXIS 64571, 2018 WL 1870437, at *8 n.3 (D.N.M. April 17, 2018) ("Although some courts from outside the Tenth Circuit have embraced a 'withdrawal' theory of mitigation, the Tenth Circuit has not done so and has signaled it would not adopt such a test.") (citing *Goodman*, 1994 U.S. App. LEXIS 17505 at *4); *see also Wood v. Harper Hosp. Dist. No. 5*, No. 95-1404-JTM, 1998 U.S. Dist. LEXIS 4421, 1998 WL 159515, at *40 (D. Kan. March 30, 1998) ("Defendants have neither shown the existence of appropriate jobs nor plaintiff's lack of reasonable care and diligence. Defendants must establish both elements.") (citing *Goodman*, 1994 U.S. App. LEXIS 17505 at *4 for the

proposition that "when defendant failed to produce evidence of existence of suitable jobs for plaintiff, defendant failed to meet its burden on mitigation of damages; plaintiff's withdrawal from job market [is] irrelevant.").

Thus, in the absence of Tenth Circuit authority for its position, A.V.I. must satisfy both prongs of its failure to mitigate defense and prove that, at the time of Hoffman's termination, there were suitable positions available which she should have discovered and for which she was qualified.

### B. A.V.I. has failed to identify any available positions for which Hoffman was qualified, that she should have discovered, and that she failed to apply for during the backpay period.

Though in some cases mitigation may be a fact-intensive inquiry, there are no facts to analyze here because A.V.I. has not identified any jobs that it claims Hoffman should have sought to avoid harm, as required to satisfy the first prong of its defense. A.V.I. "controverts" EEOC's statement that A.V.I. does not have any evidence of suitable, available jobs for which Hoffman was qualified, *see* response to PSOF No. 6, but Defendant still fails to cite any evidence from the record for this proposition. To show comparable positions, a defendant must show that the available job is "substantially equivalent" to the job lost, which "involves [showing] more than just similar work—it considers such factors as pay and benefits, promotional opportunities, job responsibilities, working conditions, comparable hours, distance from home, dangerousness, and comparability of status." *Hayes v SkyWest Airlines, Inc.*, 12 F.4th 1186, 1211 (10th Cir. 2021). A.V.I. fails to identify the name of any employer or the job title of any available positions for which Hoffman did not apply, much less address factors such as pay, benefits, job responsibilities, or working conditions.

4

A.V.I.'s only "evidence" of comparable jobs Hoffman should have discovered is Hoffman's own statement to the Kansas Human Rights Commission (KHRC) that, after her termination from A.V.I., prospective employers rejected her for reasons not related to her pregnancy.[1] *See* A.V.I.'s response to PSOF No. 6. Hoffman's statement demonstrates that she sought work and was rejected, and so is it not evidence of any comparable jobs she failed to discover. A.V.I. also claims this statement contradicts her deposition testimony and that this supposed contradiction creates a fact issue about whether suitable positions were available. The statement and testimony are not contradictory but even if they were, any difference between the two is not evidence of available comparable positions.[2] A.V.I. conducted no discovery into the availability of other suitable positions and presents no evidence to satisfy the first element of the defense. Without any evidence of appropriate available positions, A.V.I.'s failure to mitigate defense fails as a matter of law.

### C. Even precedent from other circuits does not support A.V.I.'s position because Hoffman sought and found employment during the back pay period.

A.V.I. asks this Court to rely on an out-of-circuit opinion, *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 16 (1st Cir. 1999), to relieve it from the burden of establishing the first prong of its failure to mitigate defense. But that case only relieves the defendant-employer of proving the existence of other suitable positions "once it has been shown that the former employee **made no**

---

[1] "People would give other reasons other than my pregnancy as to why they couldn't hire me." Doc. No. 55-1, at 95:3-14; Doc No. 55-2 at 6.

[2] Perhaps A.V.I. is speculating that at trial it may be able discover the existence of comparable positions. But, as noted in the EEOC's opening brief, such speculation does not create any genuine dispute of fact and should not defeat summary judgment. As has been previously found when a defendant presented no facts or evidence that would establish availability of suitable positions that the plaintiff failed to pursue after her termination, "speculative arguments about what evidence [defendant] might discover should it engage further factual development in this subject area are insufficient to avoid summary judgment." *Fields v. Integris Health, Inc.*, Case No. CIV-17-730-D, 2019 WL 1433768, at *7 (W.D. Okla. March 29, 2019).

**effort** to secure suitable employment." *Id.* (emphasis added).[3] Even if the court were to entertain A.V.I.'s suggestion to add such an "employee made no effort" exception to the first prong of the failure to mitigate defense—an exception that, as explained above, has been rejected by the Tenth Circuit—the uncontroverted record reflects that Hoffman made efforts to secure suitable employment, and those efforts were successful. Hoffman's uncontroverted testimony states that directly following her termination from A.V.I., she went out and looked for another job. *See* Deposition of Macee Hoffman (Doc. 54-2) at 35:18-36:24 and 79:10-87:9, cited in support of PSOF No. 3 (admitted by Defendant as uncontroverted). Hoffman further testified she looked for work and obtained multiple restaurant industry jobs and a retail job during the back pay period. *See id.* It took Hoffman approximately one month to find a job in another restaurant as a cashier while eight months pregnant. *Id.* When that position ended, she testified she found work at another restaurant as a waitress until laid off for covid, and then worked as a waitress again and at a retail store.[4] *Id.* Defendant raises no facts or argument disputing the suitability of those jobs and cannot show Hoffman's mitigation efforts were unreasonable.

---

[3] Moreover, all the district court cases Defendant relies upon ultimately applied both prongs of the failure to mitigate defense. *See Hale v. Emporia State Univ.*, No. 16-4182-DDC-TJJ, 2020 WL 5038785, at *7 (D. Kan. Aug. 26, 2020) ("ESU failed to carry its burden. It presented no evidence of suitable positions for which Ms. Hale could have applied, much less evidence that she failed to seek those positions."); *Smithwick v. BNSF Ry. Co.,* No. CIV-18-160-G, 2021 WL 1972209, at * 1 (W.D. Okla. May 17, 2021) ("Plaintiff contends, 'A showing that Plaintiff failed to seek employment does not alone suffice to justify a mitigation instruction; the Defendant must also show that appropriate jobs were available.' … Defendant responds that it will present evidence regarding Plaintiff's ability to work and the availability of jobs.") (internal quotation and citation omitted); *Zisumbo v. Convergys Corp.*, No. 1:14-CV-00134, 2020 WL 3546794, at *10 (D. Utah June 30, 2020) ("Zisumbo does not dispute Convergys's assertion that suitable job openings existed. Thus, the court finds Convergys has satisfied its burden under the first factor.").

[4] Plaintiff's backpay claim ends at that point, in August 2020.

Defendant misrepresents the record by stating the only effort Hoffman took to find work was making a post on Facebook seeking work. Other prospective employers gave Hoffman non-pregnancy related reasons as explanations as to why they would to not hire her, as she told the KHRC. Further, it is uncontroverted that Hoffman sought and obtained multiple positions during the period for which the EEOC seeks backpay. A.V.I. presents no evidence those positions were not suitable or comparable to its hostess position. Besides, A.V.I. admits that Hoffman looked for work and, even if A.V.I. believes she should have done more, that is enough, pursuant to *Quint*, to obligate the defendant to prove both elements of the failure to mitigate defense.

## III.   CONCLUSION

On the uncontroverted record, Hoffman engaged in reasonable job search efforts and mitigated her damages. A.V.I.'s confused presentation of Hoffman's statements and deposition testimony are not a substitute for a genuine issue of material fact about A.V.I.'s failure to identify any comparable available positions or Hoffman's reasonable job search efforts. Even if a defendant could avoid the first prong of the mitigation defense, which the EEOC maintains would be improper pursuant to Tenth Circuit caselaw, the uncontroverted facts do not permit A.V.I. to avoid it here. Because A.V.I. cannot prove its failure to mitigate defense as a matter of law, the court should grant EEOC's motion for partial summary judgment.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

*/s/ Meredith S. Berwick*
Meredith S. Berwick, MO Bar No. 64389
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, Missouri 63103
Phone: (314) 798-1909

7

Fax: (314) 539-7895
meredith.berwick@eeoc.gov

Luke Hertenstein, KS Bar No. 23809
Kansas City Area Office
400 State Ave., Ste. 905
Kansas City, KS 66101
Phone: (913) 359-1812
luke.hertenstein@eeoc.gov
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 15, 2022, a copy of the foregoing was filed and served on all counsel of record via the Court's CM/ECF system.

*/s/ Meredith S. Berwick*
Meredith S. Berwick