IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

        v.

A.V.I. SEA BAR AND CHOPHOUSE
LLC,

        Defendant.

Case No. 2:21-cv-02428-HLT

## MEMORANDUM AND ORDER

This is an employment-discrimination case brought by Plaintiff Equal Employment Opportunity Commission on behalf of Macee Hoffman against Hoffman's former employer, Defendant A.V.I. Sea Bar & Chophouse LLC d/b/a A.V.I. Sea Bar & Chophouse and Corporate Caterers of Wichita. Plaintiff moves for partial summary judgment on A.V.I.'s defense of failure to mitigate damages. Doc. 53. Because A.V.I. fails to come forward with evidence that could meet its burden on this defense and the undisputed facts show that Hoffman looked for and obtained employment within a month of her termination, the Court grants the motion.

## I.    BACKGROUND

The following facts are undisputed for purposes of summary judgment. Hoffman worked as a hostess for A.V.I. from December 18, 2018, through February 1, 2019. PSOF 1.[1] Hoffman was pregnant during her employment with A.V.I. PSOF 2. Plaintiff claims that A.V.I. terminated Hoffman because of her pregnancy. Doc. 52 at 6.

---

[1] PSOF refers to the statement of facts in Plaintiff's motion. *See* Doc. 54. DSOF refers to the additional facts included in A.V.I.'s response. *See* Doc. 55.

After she was terminated, Hoffman looked for and obtained employment with another employer. PSOF 3. She posted on Facebook that she was looking for work. DSOF 1. Within a month of her termination, she found new employment after someone commented on the Facebook post. DSOF 2. Hoffman indicated on a Kansas Human Rights Commission ("KHRC") questionnaire that she was given reasons other than her pregnancy as to why subsequent employers would not hire her after she left A.V.I. DSOF 3; *see also* Doc. 55 at 2.

Hoffman seeks backpay damages from February 2, 2019, through August 2020. PSOF 4. A.V.I. contends that Hoffman failed to mitigate her damages. PSOF 5. Plaintiff disputes that Hoffman failed to mitigate her damages and moves for partial summary judgment on that defense.

## II.   STANDARD

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to demonstrate that genuine issues remain for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In applying this standard, courts view the facts and any reasonable inferences in a light most favorable to the non-moving party. *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation and citation omitted).

## III.   ANALYSIS

An employee claiming wrongful discharge has a duty to use reasonable efforts to mitigate damages. *Equal Emp. Opportunity Comm'n v. Sandia Corp.*, 639 F.2d 600, 627 (10th Cir. 1980). "A claimant need only make a reasonable and good faith effort, and is not held to the highest

2

standards of diligence." *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1158 (10th Cir. 1990), *abrogated on other grounds by Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). It is a defendant's burden to show that show "(1) that the damage suffered by plaintiff could have been avoided, i.e. that there were suitable positions available which plaintiff could have discovered and for which he was qualified; and (2) that plaintiff failed to use reasonable care and diligence in seeking such a position." *Laber v. Austin*, 2022 WL 17361437, at *26 (D. Kan. 2022) (quoting *Sandia Corp.*, 639 F.2d at 627). To meet its burden, a defendant must satisfy both prongs of this standard. *Aguinaga v. United Food & Com. Workers Int'l Union*, 993 F.2d 1463, 1474 (10th Cir. 1993).

Plaintiff argues that A.V.I. has no evidence that there were suitable positions available to Hoffman that she could have discovered and for which she was qualified, and thus it cannot meet its burden on the failure-to-mitigate defense. A.V.I. responds (1) that it should be relieved from demonstrating the availability of suitable positions because Hoffman made little effort to find employment other than posting on Facebook; and (2) that Hoffman's statement on the KHRC questionnaire that she had difficulty finding work after she was terminated and that "[p]eople would give other reasons other than my pregnancy as to why they couldn't hire me" is evidence that there were suitable positions that Hoffman was aware of and for which she believed she was qualified.

### A.    A.V.I. is not relieved of its burden.

A.V.I. first argues that it should be relieved of its burden of providing evidence of suitable positions that Hoffman could have found because Hoffman made little effort to seek employment after she was terminated. Some courts have found that an employer may be relieved of this burden if a terminated employee makes no effort to find subsequent employment. *See Zisumbo v. Convergys Corp.*, 2020 WL 3546794, at *10 (D. Utah 2020) ("Courts have relieved employers

3

from the burden of proving the availability of suitable positions when the employer demonstrates the employee has made no reasonable efforts to obtain suitable employment."). It is unclear whether the Tenth Circuit has adopted this approach. *See Wilson v. Union Pac. R. Co.*, 56 F.3d 1226, 1232 (10th Cir. 1995) ("Mr. Wilson's general failure to seek employment for eighteen months before trial does not alone suffice to justify a mitigation instruction; the defendant must also show that appropriate jobs were available."); *Carrasco v. Centura Health Corp.*, 2021 WL 4913983, at *3 (D. Colo. 2021) ("However, I see no indication from the Tenth Circuit that it is inclined to adopt this 'emerging' trend and depart from its clear holding in *Aguinaga* that a defendant must establish both prongs of the two-part test.").

Regardless of whether the Tenth Circuit would apply this standard, A.V.I. is not entitled to be relieved of its burden under the undisputed facts. The exception only applies where a terminated employee makes <u>no effort</u> to secure work. *See Hale v. Emporia State Univ.*, 2020 WL 5038785, at *7 (D. Kan. 2020) ("ESU could have discharged its burden had Ms. Hale made <u>no effort</u> to secure alternative employment." (emphasis added)); *Zisumbo*, 2020 WL 3546794, at *10 (relieving an employer of its burden where "the employee has made no reasonable efforts to obtain suitable employment"); *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 16 (1st Cir. 1999) ("Other courts of appeals, squarely confronted with the present contention, uniformly have relieved the defendant-employer of the burden to prove the availability of substantially equivalent jobs in the relevant geographic area once it has been shown that the former employee made no effort to secure suitable employment.").

Here, however, it is <u>undisputed</u> that "Hoffman looked for and obtained employment after the termination of her employment with A.V.I." PSOF 3. Even A.V.I. asserts that Hoffman made a Facebook post looking for work, which resulted in a job. DSOF 1-2. Although A.V.I. may believe

these efforts were not reasonably diligent, they are some effort, not no effort. Accordingly, it remains A.V.I.'s burden to demonstrate that there were "suitable positions available which [Hoffman] could have discovered and for which [she] was qualified" and that Hoffman "failed to use reasonable care and diligence in seeking such a position." *Laber*, 2022 WL 17361437, at *26.

### B. A.V.I. has not identified evidence that would satisfy its burden.

A.V.I.'s second argument is that Hoffman's statements to the KHRC that she was turned down for jobs for reasons unrelated to her pregnancy is evidence that there were suitable positions available that she could have discovered and for which she was qualified. And because this seems to contradict her statement that all she did to find employment was make a Facebook post, there is a genuine issue of fact as to whether there were positions available to her and whether her efforts to mitigate were reasonable.

The Court is not convinced. Evidence that Hoffman sought work beyond her Facebook post but was not hired for those jobs does not satisfy A.V.I.'s burden of showing "that there were suitable positions available which plaintiff could have discovered and for which he was qualified." *Id.* To the contrary, this evidence suggests that Hoffman did discover jobs and did seek positions. No reasonable jury could conclude from this that Hoffman failed to mitigate damages. Nor has A.V.I. pointed to any evidence that other jobs were available to Hoffman that she did not seek out.[2] In the absence of such evidence, A.V.I.'s criticisms of Hoffman's efforts are irrelevant. *See Aguinaga*, 993 F.2d at 1474 ("Because it failed this [first] prong of its burden, the Union has failed its burden of proof and evidence that supports the second prong of the test—i.e., the individual mitigation efforts of Plaintiffs—are simply irrelevant.").

---

[2] A.V.I. does not make any factual allegations about Hoffman's failure to mitigate in the Pretrial Order. *See* Doc. 52 at 4-6.

Ultimately, the undisputed facts are that Hoffman looked for and obtained employment after she was terminated. PSOF 3. She made a Facebook post stating she was looking for work, DSOF 1, and she subsequently found employment within a month of her termination via that Facebook post, DSOF 2. She also stated that she sought employment but was turned down for various reasons. DSOF 3. Given these undisputed facts, no reasonable jury could conclude that Hoffman failed to mitigate her damages. Plaintiff is entitled to summary judgment on that defense.

## IV.   CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiff's Motion for Partial Summary Judgment (Doc. 53) is GRANTED. Plaintiff is entitled to summary judgment on A.V.I.'s failure-to-mitigate defense.

IT IS SO ORDERED.

Dated: December 21, 2022           /s/ *Holly L. Teeter*
                                   HOLLY L. TEETER
                                   UNITED STATES DISTRICT JUDGE